# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
## Civil Division

**FILED**

JUN 2 0 2002

~~[ILLEGIBLE STAMP] CLERK~~

MICHELE MINOR
1416Massachusetts Avenue, S.E.
Washington, D.C. 20003 )
)
)
)
)

REUBEN MINOR, a minor, by and
through his mother and next friend
MICHELE MINOR
1416Massachusetts Avenue, S.E.
Washington, D.C. 20003
Plaintiffs,

v.

THE DISTRICT OF COLUMBIA
A Municipal Corporation
1350 Pennsylvania Avenue, NW
Washington, D.C. 20004

Serve on:

The Honorable Anthony Williams
Mayor, District of Columbia
1350 Pennsylvania Avenue, NW
Washington, D.C. 20004, and

Robert Rigsby, Esquire
Corporation Counsel
District of Columbia
1350 Pennsylvania Avenue, NW
Suite 409
Washington, D.C. 20004

ODIE WASHINGTON
Individually and Officially as
Director, District of Columbia
Department of Corrections
1923 Vermont Avenue, NW
Washington, D.C. 20001

**JURY ACTION**

CASE NUMBER   1:02CV01225

JUDGE: John Garrett Penn

DECK TYPE: Civil Rights (non-employment

DATE STAMP: 06/20/2002

**ECF**

-1-

PATRICIA BRITTON-JACKSON )
Individually and Officially as )
Warden, D.C. Detention Facility )
1923 Vermont Street, NW )
Washington, D.C. 20001 )
)
JOHN DOES )
Individually and Officially as )
Corrections Officers )
D.C. Department of Corrections )
1923 Vermont Street, NW )
Washington, D.C. 20001, )
Defendants. )
_____ )

## COMPLAINT AND JURY DEMAND
### INTRODUCTION

1. This is an action for money damages by Reuben Minor, a minor, by and through his

mother and next friend, Michele Minor, and Michele Minor against the District of Columbia and

several of its employees, for committing acts, under color of law, which deprived Plaintiffs of

rights secured under the Constitution and laws of the United States and the District of Columbia;

and for refusing or neglecting to prevent such deprivations and denials to Plaintiffs. Plaintiffs

allege that Defendants' employees among others unlawfully conspired to violate rights secured

to Reuben Minor under the Constitution of the United States. Plaintiffs also allege that

Defendant employees, among others, searched and seized Reuben Minor in violation of his

constitutional rights. Plaintiffs also allege, among others, that Defendant employees falsely

arrested and falsely imprisoned, intentionally inflicted emotional distress, and assaulted and

battered Reuben minor. Plaintiffs' also allege that Defendants Odie Washington, Patricia

Britton-Jackson, and others, in deliberate indifference to the rights of citizens, failed to train,

supervise, control, and discipline Defendants employees and others, and said failure caused the

-2-

deprivation of Reuben Minor's rights under the Constitution and laws of the United States.

Plaintiffs finally allege that Defendant District of Columbia, with deliberate indifference to the

rights of citizens, failed to train, supervise, and control, and discipline Defendants employees

and others, and said failure was the result of official policy, or the custom, practice, of the

District of Columbia, and that said conduct or omission caused the deprivation of rights secured

to Reuben Minor under the Constitution and laws of the United States and the District of

Columbia. Plaintiffs bring this action pursuant to the Fourth, Fifth, Ninth, and Fourteenth

Amendments to the Constitution of the United States, 42 U.S.C. §§ 1981 through 1988, and the

laws of the District of Columbia.

## JURISDICTION AND VENUE

2. The court has jurisdiction over Plaintiffs' Constitutional claims pursuant to 28 U.S.C.

§§ 1331 and 1343. The court further has jurisdiction over Plaintiffs' Constitutional claims

pursuant to 42 U.S.C. §§ 1983 and 1988 and pursuant to the Fourth, Fifth, Ninth, and Fourteenth

Amendments to the Constitution of the United States. The court also has pendent jurisdiction

over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the District of Columbia. Each claim for relief arose in the District

of Columbia.

## PARTIES

4. At all times relevant to this Complaint, Plaintiff, Reuben Minor, a minor child, was a

resident of the District of Columbia and a student in the District of Columbia Public School

system.

5. At all times relevant, Plaintiff, Michele Minor (hereinafter, "Ms. Minor"), was a

-3-

resident of the District of Columbia and the mother and next friend to Reuben Minor, a minor child.

6. At all times relevant, Defendant District of Columbia was a municipal corporation.

7. At all times relevant hereto, District of Columbia Department of Corrections was an agency of Defendant District of Columbia.

8. At all times relevant, Defendant Odie Washington, served as Director, District of Columbia Department of Corrections (Department of Corrections), an agency of Defendant District of Columbia. The Department of Corrections operated the District of Columbia Detention Facility ("District of Columbia Jail" or "D.C. Jail"). At all times relevant, Odie Washington had a duty to train, supervise, and control Defendants Patricia Britton-Jackson, and John Does correction officers; acted under the direction and control of Defendant District of Columbia; and acted pursuant to either official policy, or the custom, practice, and usage of Defendant District of Columbia.

9. At all times relevant, Defendant Britton-Jackson, served as Warden of the District of Columbia Jail and was responsible for the day to day operation of the District of Columbia Jail. At all times relevant, Defendant Britton-Jackson acted under the direction and control of Defendant District of Columbia and Defendant Washington; and acted pursuant to either official policy, or the custom, practice, and usage of Defendant District of Columbia. Defendant Britton-Jackson had the duty to train, supervise, and control corrections officers assigned to D.C. Jail.

10. At all times relevant, Defendants, John Does (collectively, "Corrections Officers" or "Officers") were employees of Defendant District of Columbia; were corrections officers

assigned to the District of Columbia Jail; and were under the direct control of Defendant Britton-Jackson. At all times relevant, Defendants acted under the direction and control of Defendant District of Columbia, Defendant Washington, and Defendant Britton-Jackson; and acted pursuant to either official policy, or the custom, practice, and usage of the District of Columbia.

11. At all times relevant hereto and in all their actions, Defendants Odie Washington, Patricia Britton-Jackson, and John Does acted under color of law and pursuant to their authority as employees of Defendant District of Columbia. Plaintiffs bring this action against each defendant in their individual and official capacities.

FACTS

12. Prior to May 2001, Defendants Odie Washington, and Britton-Jackson, approved a plan for tours of the District of Columbia public school students.

13. According to this plan, parents would take their children to D.C. Jail for a tour involving only the children. Upon information and belief, the parents handed their children over to the corrections officers and the parents were not advised of the nature and activities involved in the tour of the jail or that the corrections officers would cause the children to undergo humiliating strip-searches so that the children would experience what "would happen if they got arrested." When parents brought the children for the D.C. jail tour, the parents were not allowed to see nor were they informed exactly what would happen to their children.

14. Upon information and belief, the Plaintiff, Michele Minor took Reuben Minor to D.C. jail for the tour on December 22, 2000. Even though the Plaintiff, Michele Minor drove the Plaintiff Reuben Minor to D.C. jail she did not consent and was not advised that the Defendant District of Columbia and its Defendant employees would subject the children to a strip-search

and other constitutional or state law violations.

15. Upon information and belief, the Plaintiff, Michele Minor, upon dropping the Plaintiff, Reuben Minor at the D.C. jail to engage in the tour, she was not allowed to observe what occurred or to participate in the tour. The Plaintiff, Reuben Minor, was the only person during the tour on December 22, 2000.

16. Prior to entering D.C. Jail, the Plaintiffs, Reuben Minor, went through the metal detectors and were otherwise subjected to the standard and established security procedures used for visitors to D.C. Jail.

17. Upon information and belief, once the Plaintiff Reuben Minor was inside the jail, the corrections officers escorted the Reuben Minor further into the jail and then into a room. Subsequently, the Officers ordered him into a cell and detained him. Reuben Minor did not believe that he was free to leave the cell, and the Officers would not permit him to leave.

18. The Officers then ordered Reuben Minor, into another part of the jail. While there, as a demonstration, the Officers ordered an adult inmate to undergo a humiliating strip-search in his presence, other inmates, and other corrections officers.

19. During the demonstrative strip-search, the plaintiff, Reuben Minor, looked away, but the Officers threatened that if he did not watch the strip-search, the Officers would immediately force him to undergo a strip- search. Hence, he watched the Officers strip- search an adult inmate.

20. After the adult inmate's strip-search, the Officers informed him that it was his turn. The Officers ordered Reuben Minor to completely undress himself.

21. The plaintiff, Reuben Minor protested, stating he did not wish to undress and did not

wish to undergo the strip-search. The Officers ignored his protests and threatened that if he did

not submit to the strip-search, they would not permit him to leave D.C. Jail and will allow the

prison inmates to deal with him.

22. When the Plaintiff, Reuben Minor, continued to refuse to be stripped naked, the

Officers and prison inmates forcefully and without his consent strip-searched him by removing

his clothes. While the Plaintiff, Reuben Minor was completely naked, he was watched by prison

inmates and wardens.

23. The Officers and prison inmates ridiculed Reuben Minor as well as used sexual and

abusive language including but not limited to "get one of my [adult] inmates" to "pump" his

"butt" and "tear [his] ass up for a cigarette," to intimidate and harass the Plaintiff, Reuben Minor.

24. The Officers forced Reuben Minor to bend over at his waist, spread his buttocks to

reveal his anus, lift his penis and scrotum area, lift his arms, and open his mouth for inspection.

The Plaintiff, Reuben Minor, because he was the only person in the tour was afraid for his life

and the fear was very intense.

25. The tour lasted approximately two hours. When the Plaintiff, Michele Minor met the

Plaintiff, Reuben Minor outside D.C. Jail to take him he did not talk to her for the entire day.

26. The Plaintiff, Reuben Minor, was seriously affected by the actions of the

Defendant's on December 22, 2000. The Plaintiff, Reuben Minor, experienced severe emotional

distress, insomnia, and mental anguish, which destroyed the relationship between the Plaintiffs.

Reuben Minor rarely spoke to his mother except it was absolutely necessary. In addition, it

affected his education and social interactions.

27. Due to the severity of the emotional trauma, the Plaintiffs sought psychological

-7-

counseling for the events of December 22, 2000 and the rift created in the relationship between the plaintiffs.

## FEDERAL CAUSES OF ACTION
### COUNT I
### (Fourth Amendment Violations)

28. Plaintiffs hereby incorporates paragraphs 1 through 27 of this Complaint as though fully set forth here.

29. The acts and conduct hereinbefore and after alleged constitute unreasonable searches and seizures prohibited under the Fourth Amendment to the Constitution of the United States.

30. Without probable cause or reasonable suspicion that Reuben Minor had committed a crime, Defendant employees of the Defendant District of Columbia forced him to strip naked and to undergo a humiliating strip-search of the type reserved for prison inmates.

31. These acts and omissions engaged in under the color of state law by Defendant employees of the District of Columbia, acting as agents of Defendant District of Columbia, deprived Reuben Minor of rights secured to him under the Fourth Amendment to the Constitution of the United States and the laws of the District of Columbia.

32. As a direct and proximate result of Defendant employees' conduct, Reuben Minor was strip-searched, and Plaintiffs were injured. Specifically, Reuben Minor suffered humiliation, embarrassment, pain, nightmares, headaches, adjustment problems, mental distress, mental anguish, anxiety, and insomnia.

33. As a direct and proximate cause of Defendant employees' conduct, Plaintiffs have undergone several months of therapy.

34. As a direct and proximate result of Defendant employees' wrongful conduct, Ms.

-8-

Minor lost the comfort, society, and consortium of her son, Reuben Minor, and was injured thereby.

## COUNT II
(Denial of Due Process - Procedural and Substantive)

35. Plaintiffs hereby incorporate paragraphs 1 through 34 of this Complaint as though fully set forth here.

36. The acts and conduct hereinbefore and after alleged constitute a denial of substantive and procedural due process pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States.

37. As a direct and proximate result of Defendants' conduct, Reuben Minor was strip-searched, and Plaintiffs were injured. Specifically, Reuben Minor suffered humiliation, embarrassment, pain, nightmares, headaches, adjustment problems, mental distress, mental anguish, anxiety, and insomnia.

38. As a direct and proximate cause of Defendants' conduct, Plaintiffs have undergone several months of therapy.

39. As a direct and proximate result of Defendants' wrongful conduct, Ms. Minor lost the comfort, society, and consortium of her son, Reuben Minor, and was injured thereby.

## COUNT III
(Denial of Right of Privacy)

40. Plaintiffs hereby incorporate paragraphs 1 through 39 of this Complaint as though fully set forth here.

41. The acts and conduct hereinbefore and after alleged constitute a denial of the right of privacy guaranteed to Plaintiffs under the Ninth Amendment to the Constitution of the United

-9-

States.

42. As a direct and proximate result of Defendants' conduct, Reuben Minor was strip-searched, and Plaintiffs were injured. Specifically, Reuben Minor suffered humiliation, embarrassment, pain, nightmares, headaches, adjustment problems, mental distress, mental anguish, anxiety, and insomnia.

43. As a direct and proximate cause of Defendants' conduct, Plaintiffs have undergone several months of therapy.

44. As a direct and proximate result of Defendants' wrongful conduct, Ms. Minor lost the comfort, society, and consortium of her son, Reuben Minor, and was injured thereby.

### COUNT IV
### (Conspiracy to Violate Civil Rights)

45. Plaintiffs hereby incorporate paragraphs 1 through 44 of this Complaint, as though fully set forth here.

46. The acts and conduct hereinbefore and after described constitute conspiracy to deprive Reuben Minor of right guaranteed to him under the Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United States by subjecting him to a humiliating strip-search.

47. Two or more employees of Defendant District of Columbia agreed or conspired to inflict a wrong or injury Reuben Minor, by subjecting him to a strip-search and to conceal it.

48. Defendant employees of Defendant District of Columbia acted in furtherance of the conspiracy when they caused him to undergo a humiliating strip-search at D.C. Jail.

49. As a direct and proximate result of Defendant employees' conspiracy, Reuben Minor was strip-searched, and Plaintiff's were injured.

-10-

50. As a direct and proximate cause of Defendants' conduct, Plaintiffs have undergone several months of therapy.

51. As a direct and proximate result of Defendants' wrongful conduct, Ms. Minor lost the comfort, society, and consortium of her son, Reuben Minor, and was injured thereby.

COUNT V
(Failure to Train, Supervise, and Control)

52.    Plaintiffs hereby incorporate paragraphs 1 through 51 of this Complaint, as though fully set forth here.

53.    The acts and conduct hereinbefore and after described constitute inadequate training, supervision, and control of subordinates and employees in violation of rights guaranteed to Reuben Minor under the Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United States.

54. Defendants Washington and Britton-Jackson, (Defendant Officials) each had a duty to train, supervise, and control subordinates. Defendant Officials, with deliberate indifference, knowingly, willfully, or recklessly failed to train, supervise, or control subordinates. Defendant Officials, with deliberate indifference, knowingly, willfully, or recklessly failed to train, supervise, or control subordinates who have a history of misbehavior and failed to correct unconstitutional practices or conditions designed to protect the citizens of the District of Columbia.

55. Defendant Britton-Jackson, had long history of unconstitutional and illegal conduct and practices in their respective positions. Defendant Washington knew or, in the exercise of due diligence, should have known of Defendants Britton-Jackson's long history of unconstitutional and abusive practices. Defendants Washington's failure to train, supervise, and

control subordinates, like Defendant Britton-Jackson, caused these subordinates to engage in the unlawful conduct alleged herein.

56. Defendant District of Columbia, as a matter of policy, practice, and custom, has with deliberate indifference failed to adequately train or otherwise direct its employees, including Defendant employees, concerning the rights of citizens. Defendant District of Columbia's policy, practice, or custom of deliberate indifference to discipline and training caused Defendant employees to engage in the unlawful conduct described above.

57. Defendant District of Columbia, as a matter of policy, practice, and custom, has with deliberate indifference failed to properly supervise, sanction, or discipline its employees, including Defendant employees, for violations of the Constitutional rights of citizens. Defendant District of Columbia's policy, practice, or custom of deliberate indifference to properly supervise, sanction, or discipline employees proximately caused Defendant employees to engage in the actions described above.

58. Defendant District of Columbia, as a matter of policy, practice, and custom, and with deliberate indifference, failed to supervise, sanction, or discipline employees, including Defendant employees, who were aware of and subsequently concealed violations of the Constitutional rights of citizens by other employees. Defendant District of Columbia's policy, practice, or custom of deliberate indifference to supervision, sanctioning, or disciplining employees who were aware of and subsequently concealed or attempted to conceal violations of the Constitutional rights of citizens by other employees proximately caused and encouraged Defendant employees to engage in the unlawful actions described.

59. Defendant District of Columbia acquiesced to the unconstitutional conduct of its

-12-

employees by its deliberate indifference to inadequate procedures for handling complaints against employees. Defendant District of Columbia's acquiescence, by deliberate indifference to inadequate complaint procedures, caused and encouraged employees, including Defendant employees, to engage in the unlawful actions described.

60. This action is brought against Defendant District of Columbia for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

61. Defendant District of Columbia knew or should have known that Defendants Washington and Britton-Jackson, as well as other employees acting at their direction, were inadequately trained, supervised, and controlled to perform the duties of their respective positions.

### STATE CAUSES OF ACTION
### COUNT VI
(Intentional Infliction of Emotional Distress)

62. Plaintiffs hereby incorporate paragraphs 1 through 61 of this Complaint, as though fully set forth here.

63. The acts and conduct hereinbefore and after described constitute intentional infliction of severe emotional distress. Defendants through their Officers and teachers intentionally caused Reuben Minor to suffer severe and extreme emotional distress.

64. As a direct and proximate cause of Defendant employees' conduct, Reuben Minor suffered and still suffers sever and extreme emotional distress and mental anguish. Reuben Minor is expected to suffer said damages in the future.

### COUNT VII
(Assault and Battery)

-13-

65. Plaintiff hereby realleges paragraphs 1 through 81 of this Complaint, as though fully set forth here.

66.     The acts and conduct hereinbefore and after described constitute assault and battery.

67. Defendant employees of Defendant District of Columbia intentionally created in Reuben Minor an apprehension of harmful and offensive contact with his person when they threatened him with rape and touched his person without consent.

68.     As a direct and proximate cause of Defendant employees' conduct, Reuben Minor was frightened and humiliated, causing sever and extreme emotional distress and mental anguish.

69. Defendant employees of Defendant District of Columbia intentionally caused harmful and offensive contacts with Reuben Minor or intentionally caused an apprehension in Reuben Minor that such harmful or offensive contacts were imminent when they touched his person.

70.     As a direct and proximate cause of Defendant employees' conduct, Reuben Minor suffered physical and mental pain, humiliation, mental anguish, and anxiety. Reuben Minor is expected to suffer said damages in the future.

COUNT VIII<br>(False Arrest and False Imprisonment)

71. Plaintiffs hereby incorporate paragraphs 1 through 70 of this Complaint, as though fully set forth here.

72.     The acts and conduct hereinbefore and after described constitute false arrest and false imprisonment.

-14-

73. Defendant employees of Defendant District of Columbia without probable cause or reasonable suspicion that Reuben Minor had committed a crime and without a warrant seized the person of Reuben Minor.

74. Defendant employees of Defendant District of Columbia, by means of physical barriers or force or by threats of force, which intimidated Reuben Minor into compliance, detained, seized, restrained, and imprisoned the person of Reuben Minor.

75.    As a direct and proximate cause of Defendant employees' conduct, Reuben Minor suffered physical and mental pain, humiliation, mental anguish, and anxiety. Reuben Minor is expected to suffer said damages in the future.

COUNT IX
(Negligent Infliction of Emotional Distress)

76. Plaintiffs hereby incorporate paragraphs 1 through 75 of this Complaint, as though fully set forth here.

77.    The acts and conduct hereinbefore and after described constitute negligent infliction of severe emotional distress. Defendant employees negligently inflicted emotional distress upon Reuben Minor.

78.    As a direct and proximate cause of Defendant employees' conduct, Reuben Minor suffered and still suffers sever and extreme emotional distress and mental anguish. Reuben Minor is expected to suffer said damages in the future.

COUNT X
(Loss of Consortium)

79. Plaintiffs hereby incorporate paragraphs 1 through 78 of this Complaint, as though fully set forth here.

-15-

80. As a direct and proximate result of Defendants' wrongful conduct and negligence, Ms. Minor lost the comfort, society, and consortium of her son, Reuben Minor, and was thereby injured.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Reuben Minor and Michele Minor, demand judgment, jointly and severally, against Defendants Washington, Britton-Jackson and John Does correction officers:

a.  Compensatory damages in the amount of $10,000,000.00;

b.  Punitive Damages to the maximum extent allowed under the law;

c.  Attorney's fees and costs; and

d.  Such other and further relief as the court may deem appropriate.

WHEREFORE, Plaintiffs, Reuben Minor and Michele Minor, demand judgment, jointly and severally with Defendant employees, against Defendant District of Columbia:

a.  Compensatory damages in the amount of $10,000,000.00;

b.  Attorney's fees and costs; and

c.  Such other and further relief as the court may deem appropriate.

Respectfully submitted,
LAW OFFICES JOHN O. IWEANOGE, P.A.

By: _____

John O. Iweanoge, Jr., Esquire
Rosslyn Plaza C – Suite 912
1601 N. Kent Street,
Rosslyn, VA 22209
Phone: (703) 807-1090
Fax: (703) 807 – 1099
Email: Lawoffsjoi@aol.com

IWEANOGE & ANWAH, P.A.

By ~~Christopher N. Awah, Esquire~~

Charles C. Iweanoge, Esquire
1010 Vermont Avenue, NW,
Suite 600
Washington, D.C. 20005
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: IweanogeAnwahPA@aol.com

## JURY DEMAND

Plaintiffs hereby demand a trial by the maximum number of jurors allowed on all issues of fact presented herein.

John O. Iweanoge, Jr., Esquire

-17-